IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARITHA BAILEY,

        Plaintiff,                      No. CIV S-06-1497 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.                ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for remand, deny the Commissioner's cross-motion for summary judgment, and remand for immediate payment of benefits.

/////

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated January 6, 2006, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of patellofemoral synovitis and chondromalacia of the medial femoral condyle of the right knee but these impairments do not meet or medically equal a listed impairment; plaintiff is not entirely credible; plaintiff retains the residual functional capacity to perform sedentary work with a sit/stand option on a thirty minute basis and has a slight impairment of concentration which does not seriously erode the occupational base; plaintiff cannot perform her past relevant work; based

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

on the testimony of a vocational expert, there are a significant number of jobs in the national economy which plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 24-25. Plaintiff contends the ALJ committed several errors. Plaintiff's contention that the ALJ improperly rejected the opinion of a treating physician is dispositive, however.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

/////

III. <u>Analysis</u>

Plaintiff contends the ALJ improperly rejected the opinion of her treating physician, Dr. Harris. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. <u>Id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. <u>Id</u>. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see also</u> <u>Magallanes</u>, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. <u>Lester</u>, 81 F.3d at 831.

Dr. Harris opined in a chronic pain residual functional capacity questionnaire dated June 16, 2005 that plaintiff could sit and stand/walk less than two hours in an eight-hour work day, would need to lie down once every four hours, could lift less than ten pounds occasionally, and would be absent from work as a result of her impairment three days a month or

4

more. AT 207-208. The findings supporting these limitations include reduced range of motion, antalgic gait favoring right lower extremity, impaired sleep awakened secondary to pain, and anterior aspect of the right knee painful to the touch. AT 205. The ALJ rejected Dr. Harris's opinion as inconsistent with that of a consulting examining orthopedist, Dr. Dhaliwal, dated May 5, 2005. AT 22, 186-189.

The ALJ, however, did not adopt the opinion of Dr. Dhaliwal, concluding that because pertinent medical records had not been provided to Dr. Dhaliwal,[2] the conclusion of this examiner that plaintiff had an unlimited functional capacity should be accorded minimal weight. AT 21. It thus appears that the ALJ simply substituted his own medical opinion for that of any medical examiner or treating professional in the record by conjoining Dr. Dhaliwal's findings with the medical records that should have been provided to Dr. Dhaliwal in the first place. See 20 C.F.R. § 404.1517 (regulations require that consultative examiner be given any necessary background information about condition). Although formulation of the residual functional capacity is properly within the province of the ALJ, such a finding must be based on the record medical opinions and not simply the medical opinion of the ALJ. Moreover, the findings of Dr. Dhaliwal and Dr. Harris are not completely inconsistent. Most pertinent to the claim of disabling pain raised by plaintiff, both doctors noted plaintiff was very sensitive to the touch in her right knee, a finding confirmed in the treating records. AT 188, 205, 251 (allodynia).

The ALJ also discounted Dr. Harris's opinion because the ALJ found the limitations were based on plaintiff's level of pain and that with such a pain level, plaintiff would have more difficulty functioning on a daily basis than she reported. The ALJ further concluded that because plaintiff's pain medication regimen had not been altered to accommodate the side effects from the medications, plaintiff's pain was not as severe as alleged. AT 22. However, the records are replete with notations indicating plaintiff's attempts to seek pain relief and alterations

---

[2] Dr. Dhaliwal had none of Dr. Harris's records available for review. AT 186.

in medications and treatment modalities to ameliorate side effects. AT 110-112, 115, 219, 230, 231, 233, 237, 238, 240, 243, 245, 250, 251, 255. Moreover, the ALJ ignored the lumbar block plaintiff underwent in an attempt to alleviate the pain, which ultimately was unsuccessful. AT 219, 222, 231, 240.

Although the ALJ correctly noted there was no atrophy and that Dr. Van Arsdales's medical records do not support rating plaintiff's depression as ten (indicating severe depression), the findings underlying Dr. Harris's limitations were plaintiff's physical pain, not depression. AT 22, 205, 264-271. Thus, while there may be some legitimacy to two of the reasons set forth by the ALJ for discounting Dr. Harris's opinion, viewing the record as a whole, the court finds the reasons set forth by the ALJ for rejecting Dr. Harris's opinion are insufficient to meet the standards set forth above.[3]

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). Here, the ALJ improperly rejected the opinion of Dr. Harris. Where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the court] credit[s] that opinion as a matter of law." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). If Dr. Harris's opinion is credited, plaintiff cannot perform even sedentary work because her total sitting and standing capacity is limited to less than four hours in an eight hour day. AT

---

[3] Defendant contends substantial evidence supports the ALJ's rejection of Dr. Harris's assessed limitations because the state agency physicians assessed plaintiff as being able to perform light work. AT 148. The state agency physician's opinion was dated December 15, 2004 and the affirmation was dated May 23, 2005. AT 155. However, plaintiff was not even seen by Dr. Harris until March 2005 (AT 205) and, as was the case with the consulting examining physician, the affirming state agency physician did not have any of Dr. Harris's records or other subsequent treating medical providers' records available for review. AT 190-191. Moreover, the state agency opinions were not relied on by the ALJ in discounting Dr. Harris's opinion. AT 22.

207; SSR 96-8p.[4]  Moreover, the vocational expert testified plaintiff would not be employable if she was absent from the job to the extent indicated by Dr. Harris.  AT 208, 321-322.  The court finds no further development of the record is necessary.  The matter will be remanded for immediate payment of benefits.  See Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1987) (court will generally direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed) .

     For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

     Accordingly, IT IS HEREBY ORDERED that:

     1. Plaintiff's motion for summary judgment is granted.

     2. The Commissioner's cross-motion for summary judgment is denied.

     3. This action is remanded to the Commissioner for immediate payment of benefits.

DATED:  September 30, 2007.

_____
U.S. MAGISTRATE JUDGE

006
bailey2.ss

---

[4] SSR 96-8p provides, in pertinent part: "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."